IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. RANDY MOORAD, and Individual;<br>2. MAHA ASSALEH, an Individual,<br><br>        Plaintiffs,<br>vs.<br><br>1. GEICO GENERAL INSURANCE COMPANY, a Foreign For-Profit Corporation;<br>2. HOMESITE INDEMNITY COMPANY;<br>3. HOMESITE INSURANCE COMPANY; and<br>4. AMERICAN FAMILY HOME INSURANCE COMPANY, a Foreign For-Profit Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Homesite Indemnity Company (hereinafter referred to as "Homesite"), with a full reservation of its rights, defenses, exceptions, objections, and claims and without waiver thereof, hereby removes to this Court the state-court action styled *Randy Moorad and Maha Assaleh v. Geico General Insurance Company, Homesite Indemnity Company, Homesite Insurance Company, and American Family Home Insurance Company,* Case No. CJ-2025-4197 from the District Court of Oklahoma County, Oklahoma, on the grounds that this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq*. Diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.

## BACKGROUND

1. On June 13, 2025, Plaintiff filed this civil insurance action in the District Court of Oklahoma County, Oklahoma (*See* Petition, attached as Exhibit 1). The Petition seeks actual and punitive damages, and alleges damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (*See* Ex. 1, Prayer for Damages at p. 5).

2. On August 7, 2025, Plaintiff served a copy of the Summons and Petition upon Defendant Homesite by delivery of a copy of the Summons and Petition to the Oklahoma Insurance Department on that date. (*See* Summons and correspondence from the Oklahoma Insurance Department, attached as Exhibit 2 and 3).

3. As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders filed in this matter in the District Court of Oklahoma County, Oklahoma (*See* Exhibits 1 and 2). No other pleadings have been served upon Defendant Homesite.

4. Pursuant to 28 U.S.C.A. § 1446(a) and LCvR81.2, a copy of the docket sheet for this matter from the District Court of Oklahoma County is attached as Exhibit 4.

## REMOVAL IS TIMELY

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it is being filed on August 27, 2025, within 30 days after receipt of the Oklahoma Insurance Department copy of the initial pleading on August 7, 2025.

6. No previous Notice of Removal has been filed in or made to this Court.

7. No hearings have been scheduled by the District Court of Oklahoma County, Oklahoma, in this matter.

**CONSENT TO REMOVAL**

8. Because Homesite Indemnity Company is the only Defendant that has been joined and served in this matter, there is no need for any other Defendants who have been named to consent to removal. *See* 18 U.S.C. § 1446(b)(2)(a) ("all defendants who have been properly joined and served must join in or consent to the removal of the action.").

**THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER
28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP**

9. Removal under 28 U.S.C. §§ 1441, *et seq.*, is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs; and complete diversity of citizenship exists between Plaintiffs and Defendants. 28 U.S.C. §§ 1332 & 1441.

10. The United States District Court for the Western District of Oklahoma includes the county in which the state court action is now pending (Oklahoma County). Thus, removal to this Court is appropriate. 28 U.S.C. § 1446(a).

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
BETWEEN PLAINTIFFS AND DEFENDANTS**

11. Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of filing the original Petition.

12. On information and belief, Plaintiffs are citizens of the State of Oklahoma. In the Petition, Plaintiffs allege they are residents of Oklahoma County, State of Oklahoma. (Petition, Ex. 1, at ¶ 1). Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th

3

Cir. 1994); *see also District of Colombia v. Murphy*, 314 U.S. 441 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *Smith v. Cummings,* 445 F.3d 1254, 1259-60 (10th Cir. 2006).

13. Defendant Homesite is incorporated under the laws of Wisconsin, with its principal place of business in Boston, Massachusetts. Therefore, at the time of filing, Defendant Homesite was a citizen of Wisconsin and Massachusetts for purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

14. Defendant GEICO General Insurance Company is incorporated under the laws of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore, at the time of filing, Defendant GEICO General Insurance Company was a citizen of Maryland for purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

15. Defendant Homesite Insurance Company is incorporated under the laws of Wisconsin, with its principal place of business in Boston, Massachusetts. Therefore, at the time of filing, Defendant Homesite Insurance Company was a citizen of Wisconsin and Massachusetts for purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

16. Defendant American Family Home Insurance Company is incorporated under the laws of Florida. On information and belief, the principal place of business of American Family Home Insurance Company is in Amelia, Ohio. Therefore, at the time of filing, Defendant American Family Home Insurance Company was a citizen of Florida and Ohio for purposes of diversity jurisdiction. (*See* 28 U.S.C. § 1332(c)(1)).

17. Thus, at the time Plaintiffs' Petition was filed, all Defendants were citizens of states other than Oklahoma and the Plaintiffs were citizens of Oklahoma. Accordingly, complete diversity exists. (*See* 28 U.S.C. § 1332(a)).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

18. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. In their Petition, Plaintiffs pray for damages against Defendants in an amount in excess of $75,000.00 for actual damages, and in an amount in excess of $75,000.00 for punitive damages. (*See* Ex.1, Prayer for Damages at p. 5).

19. If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of the plaintiff's claims. *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993); *Maxcon v. Texaco Refining & Marketing Inc.*, 905 F. Supp. 976, 978-79 (N.D. Okla. 1995). The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." *Manguno*, 276 F.3d at 723. The amount in controversy is satisfied unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." *McPhail v. Deere & Co.*, 529 F.2d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Demands for punitive damages may be included in determining the amount in controversy. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151-52 (3rd Cir. 2009).

## NOTICE GIVEN

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs through their counsel of record. Further, notice of the filing of this Notice of Removal has been sent to the Court Clerk for the District Court of Oklahoma County, Oklahoma.

## PRESERVATION OF RIGHTS

21. By removing this action to this Court, Defendant Homesite does not waive any defenses, objections, or motions available to it under state or federal law. Defendant Homesite expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

22. If any question arises as to the propriety of this removal, Defendant Homesite requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this civil action is properly removable. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

23. Additionally, Defendant Homesite reserves the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event Plaintiffs move to remand.

WHEREFORE, based on the foregoing, Defendant Homesite prays that the Court take notice of the removal of this civil action and that further proceedings in the District Court of Oklahoma County, Oklahoma, be discontinued and that this action be recognized as removed to the United States District Court for the Western District of Oklahoma, and hereby requests that this Court retain jurisdiction for all further proceedings herein.

*s/Michael T. Maloan*
Michael T. Maloan-OBA# 15097
Peyton S. McMillin-OBA# 34721
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
michaelmaloan@oklahomacounsel.com
peytonmcmillin@oklahomacounsel.com

ATTORNEYS FOR DEFENDANT
HOMESITE INDEMNITY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Oleg Roytman
Smolen & Roytman
701 South Cincinnati Ave.
Tulsa, OK  74119
Telephone: 918-585-2667
Fax: 918-585-2669
danielsmolen@ssrok.com
olegroytman@ssrok.com
     Attorneys for Plaintiffs

*s/Michael T. Maloan*
