*106122 0902*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 1 3 2025

RICK WARREN
COURT CLERK

50 _____

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1) RANDY MOORAD, an individual, )<br>2) MAHA ASSALEH, an individual, )<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>1) GEICO GENERAL INSURANCE )<br>COMPANY, A Foreign For-Profit Corporation, )<br>2) HOMESITE INDEMNITY COMPANY, )<br>3) HOMESITE INSURANCE COMPANY, )<br>4) AMERICAN FAMILY HOME )<br>INSURANCE COMPANY, )<br>A Foreign For-Profit Corporation. )<br>)<br>       Defendants. ) | Case No.<br><br>**CJ-2025-4197**<br><br><br>ATTORNEY LIEN CLAIMED |

## PETITION

**COME NOW** the Plaintiffs, Randy Moorad and Maha Assaleh by and through their attorneys of record and for their cause of action against the Defendants, Geico General Insurance Company, Homesite Indemnity Company, Homesite Insurance Company, and American Family Home Insurance Company, (collectively, "Defendants") allege and state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Randy Moorad and Maha Assaleh, are and have been at all times relevant hereto, residents of Oklahoma County, State of Oklahoma.

2. Defendant Geico General Insurance Company, is a foreign for-profit corporation doing business in Oklahoma County, State of Oklahoma.

3. Defendant Homesite Indemnity Company is a foreign for-profit corporation doing business in Oklahoma County, State of Oklahoma and an affiliate of Defendant American Family Home Insurance Company.

4. Defendant Homesite Insurance Company is a foreign for-profit corporation doing

**EXHIBIT 1**

business in Oklahoma County, State of Oklahoma and an affiliate of Defendant American Family Home Insurance Company.

5. Defendant American Family Home Insurance Company, is a foreign for-profit corporation doing business in Oklahoma County, State of Oklahoma.

6. The acts, occurrences and omissions complained of herein occurred in Oklahoma County, State of Oklahoma.

7. This Court has jurisdiction, and venue is proper in Oklahoma County, State of Oklahoma.

8. This action was previously filed in the District Court of Oklahoma County on September 24, 2024, and was assigned to the Honorable Sheila Stinson; case no. CJ-2024-6169.

9. That Plaintiff's previously filed case was dismissed by this Court on May 16, 2025.

10. That pursuant to 12 O.S. §100 this action is being timely filed.

## FACTS COMMON TO ALL CLAIMS

11. Paragraphs 1-10 are incorporated herein by reference.

12. On or around June 16, 2023, the Plaintiffs experienced severe water damage in their home when slab leakage occurred from pipes bursting under their home. The leakage caused water to flood their home, ruining the floors, cabinets, baseboards, drywall, carpets, furniture, clothing, shoes, and various other personal items.

13. At the time of the water damage, the Plaintiffs had a homeowners' policy of insurance with Defendants.

14. The damage caused by the bursting pipes and flooding was covered under their homeowners' insurance policy.

15. As a result of the damage to Plaintiffs' home, Plaintiffs made a claim on the aforementioned insurance policy written by Defendants. Defendants indicated the policy would

**EXHIBIT 1**

cover the claim, but delayed payment multiple times, denied certain coverage, and ultimately undervalued Plaintiffs' claims.

16. For instance, Plaintiffs and their children were displaced from their home, and Defendants assured them that their coverage would pay for alternate lodgings. However, after thirty (30) days, Defendants cut off further funding to the hotel and demanded documentation from the contractor for an estimated completion date before resuming lodging coverage. Plaintiffs were forced to return to their uninhabitable house that was in a state of utter disrepair.

17. All the while, Defendants delayed the claims process and payment. To begin, Defendants initially issued a payment intended to cover all damage that paid for only a fraction of the damage and required Plaintiffs to expend out-of-pocket funds to complete just one portion of the repair.

18. When Plaintiffs addressed this underpayment, Defendants purported to further investigate the claim, but their investigation was blatantly inadequate. Defendants denied estimates for damages claims because their adjustor failed to take correct and accurate measurements, requiring multiple trips to the home to correct and obtain approval to issue further payment. Additionally, Defendants repeatedly requested information Plaintiffs had already provided. ***Defendants delayed another five (5) months before issuing payment that still did not cover the full extent of the damage.***

19. Plaintiffs incurred out of pocket expense during this time just to make the house inhabitable while they waited for Defendant to cover the repairs.

20. In addition, Plaintiff Assaleh began to suffer from stress-related illness arising from Defendants' continual failure to fix her home. She continues to need medical attention for several debilitating conditions caused by this upheaval and the inability to obtain the benefits

**EXHIBIT 1**

owed by Defendants to restore her home to a fully livable condition.

21. Plaintiffs have done everything in their power to provide Defendants with the information needed to effectively process their claim, including providing pictures, providing estimates from the contractor, and facilitating cooperation between the contractor and Defendants' adjustor at least four (4) times. However, Defendants refused to timely evaluate certain elements of that claim, refused to pay the benefits owed under the applicable policy, and failed to make reasonable offers to Plaintiffs to compensate them for their loss.

22. Plaintiffs relied on Defendants to properly handle their claims and make payment pursuant to the coverage afforded to them under the applicable policy of insurance. Plaintiffs have made due demand on the Defendants for payment of policy benefits and otherwise met all of the conditions precedent for payment under the policy.

23. Defendants unreasonably failed to fully tender benefits under the applicable policy of insurance and delayed payment, and undervalued Plaintiffs' claim for benefits.

24. As a result, Plaintiffs have suffered the loss of benefits, attendant financial hardship, and pain and suffering.

## CAUSE OF ACTION

### COUNT I: BREACH OF CONTRACT

25. Paragraphs 1-24 are incorporated herein by reference.

26. Plaintiffs have a homeowners' policy of insurance with Defendants which includes coverage for the type of loss they suffered including coverage for the personal property and furniture damaged as a result of the loss.

27. Pursuant to the terms of the applicable insurance policy, this is a factual situation wherein the coverage contained in said policy applies.

**EXHIBIT 1**

28. Plaintiffs have requested that Defendants tender payment under said policy, and Defendants have failed to do so. Plaintiffs have performed all conditions precedent under the policy.

29. Defendants have breached their contract of insurance and have refused or neglected to pay Plaintiffs the full value of their damages, which is due and owed. Said failure constitutes a breach of contract of said insurance policy.

30. As a direct result of Defendants' breach of contract, Plaintiffs have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, lost wages, medical expenses and financial hardship.

### COUNT II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

31. Paragraphs 1-30 are incorporated herein by reference.

32. Plaintiffs are insured under a policy of insurance written by Defendants providing homeowners' insurance coverage at the time of property loss.

33. Plaintiffs requested Defendants tender any and all applicable benefits under said policy but Defendants have failed and refused to do so. As of the date of this filing, Defendants have yet to tender the full amounts owed to Plaintiffs.

34. In its handling of Plaintiffs' claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendants breached their duty to deal fairly and in good faith towards Plaintiffs in the following respects:

   a. Failing to fully pay Plaintiffs the benefits they are entitled under the policy of insurance at a time when Defendants knew Plaintiffs were entitled to those benefits;

   b. Withholding payment of benefits knowing that Plaintiffs' claim for benefits was valid;

   c. Unreasonably delaying payment of benefits without reasonable basis;

**EXHIBIT 1**

d. Refusing to pay Plaintiffs' claims for reasons contrary to the express provisions of the law;

e. Intentionally and recklessly misapplying provisions of the insurance policy and looking for ways to avoid paying some or all of Plaintiffs' claims;

f. Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and handling of Plaintiffs' claim arising under its policies, including Plaintiffs';

g. Unreasonably delaying Plaintiffs' claim and putting the burden of investigation onto Plaintiffs; and

h. Failing to properly evaluate various aspects of Plaintiffs' claim and instead automatically denying those claims while delaying further investigation or evaluation; and

i. Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiffs' claims.

35. As a direct result of Defendants breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, lost wages, medical expenses and financial hardship.

36. Plaintiffs have retained an attorney to prosecute this action and are thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

## COUNT III – PUNITIVE DAMAGES

37. Paragraphs 1-33 are incorporated herein by reference.

38. The intentional, wanton and/or reckless conduct of Defendants in disregard of Plaintiffs and others is, and was, conducted with full knowledge, in that Defendants knew, or should have known, of the severe adverse consequences of its actions upon Plaintiffs and others.

39. Such actions and or inactions were not only detrimental to the Plaintiffs but to the public

**EXHIBIT 1**

in general.

40. Defendants have acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiffs. As a result, the Plaintiffs are entitled to recover punitive damages against the Defendants for these actions.

**WHEREFORE**, based on the foregoing, Plaintiffs pray that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand ($75,000.00), reasonable attorney fees, all applicable pre- and post-judgment interest, costs and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN & ROYTMAN, PLLC

_/s/ signature_

Daniel E. Smolen, (OBA#19943)
Oleg Roytman, (OBA #20321)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiffs*

**EXHIBIT 1**